UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**WILLIAM MITCHELL** : **DOCKET NO. 15-cv-2859**
    **D.O.C. # 440432**

**VERSUS** : **JUDGE MINALDI**

**KEITH COOLEY ET AL.** : **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint under 42 U.S.C. § 1983 filed in *forma pauperis* by plaintiff William Mitchell ("Mitchell"). Mitchell is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Allen Correctional Center ("ALC") in Kinder, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that this action be **DISMISSED WITH PREJUDICE.**

**I.**
**BACKGROUND**

Mitchell's original complaint was deficient in several aspects; accordingly, on April 28, 2016, this court issued a memorandum order directing him to provide information/documentation in support of his claims. Doc. 5. He filed an amended complaint on May 31, 2016, wherein he provided some, but in no manner all, of the requested information. *See* doc. 6. The court's recitation of the background in this matter is based upon the complaints and documentation provided by Mitchell.

Mitchell claims that he began making sick call requests in September/October 2014, due to problems with his right ear for which he was only prescribed pain medication and antibiotics. Doc. 6, p. 6. On March 11, 2015, he filed a health care request form ("HCRF") complaining of an earache. Doc. 6, att. 1, p. 11. Mitchell was treated with medication and ear flushing. *Id.* On March 17, 2015, he filed another HCRF claiming that, although he had been seen on March 11, 2015, his ear was still hurting. *Id.* at 8. The form shows that more medication was ordered. *Id.*

Mitchell made another sick call on May 19, 2015, resulting in him being given ibuprofen for 3 days as well as a referral to the doctor. *Id.* at 14, 16. He states that he put in an emergency sick call on May 21, 2015, and was given Motrin. *Id.* at 16. He further states that he was seen the following day (May 22, 2015) and that he was given a three-day course of Motrin and another round of antibiotics. *Id.*

Mitchell was again seen on June 8, 2015, complaining of blood and pus draining from his ear, and ibuprofen was ordered. *Id.* at 12. He states that he was then referred to the doctor, who reviewed his chart and placed him on another antibiotic. *Id.* at 16–17. It appears that this appointment occurred on June 10, 2015. *Id.* at 20.

On June 8, 2015, Mitchell filed a grievance detailing his medical complaints. *Id.* at 16–17. He claims that this filing resulted in his being taken to an "outside" facility on July 10, 2015, for a CAT scan. Doc. 6, p. 6.

The first step response to the June 8, 2015, grievance, dated July 15, 2015, states that Mitchell was recommended for a consultation with an ear, nose, and throat doctor ("ENT") and was awaiting the appointment. Doc. 6, att. 1, p. 20. Documentation shows that he was seen in medical on August 20, 2015. *Id.* at 9. Additionally, the September 30, 2015 second step response to the above-mentioned grievance states that Mitchell was seen by his primary physician on

September 15, 2015, and by the ENT on September 21, 2015. *Id.* at 22. Mitchell claims that the ENT told him that his inner ear was eroding or decaying, and that he might have bone cancer but more tests were needed. Doc. 6, p. 6. Mitchell states that a hearing test was done on November 24, 2015, and showed that he had partial hearing loss. *Id.*

Mitchell alleges that he has been denied adequate medical care as he has not gotten all of the tests ordered by the ENT (ostensibly, the ones that might detect bone cancer). *Id.* at 7. He contends that had he been treated when he first sought treatment for his ear problems in September/October 2014, "he would not be suffering the pain, lack of sleep due to the pain, mental anguish, and hearing loss that he now attempts to endure." *Id.*

As relief for the above, Mitchell seeks declaratory and injunctive relief as well as compensatory and punitive damages. *Id.* at 8.

## II.
### LAW AND ANALYSIS

#### A. *Frivolity Review*

Mitchell has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. This act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be

granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.  *42 U.S.C. § 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C.  *Medical Care Claims*

Mitchell claims that his medical care was inadequate. Medical care claims asserted by convicted prisoners are analyzed under the Eighth Amendment's prohibition on cruel and unusual punishment. In order to show a constitutional violation relating to their medical care, convicted prisoners must establish that the refusal or delay in providing care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 97 S.Ct. 285, 292 (1976). Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458–59 (5th Cir. 2001). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, "deliberate

indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459.

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981), the court stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a course of treatment was unsuccessful or that a prisoner disagrees with the treatment chosen does not elevate a claim to a constitutional dimension. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1992). Furthermore, the fact that a plaintiff continues to suffer pain from his condition is insufficient to establish that a constitutional violation has occurred. *See Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

Mitchell has failed to present non-conclusory allegations of a subjective intent to cause harm in this matter. The facts of this matter do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or wantonly disregarded his medical needs. In fact, the documentation provided by Mitchell shows that he received substantial medical care. Mitchell's dissatisfaction with his treatment does not render this a constitutional claim. Accordingly, Mitchell fails to state a claim under § 1983 and his complaint should be dismissed.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Mitchell's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), bars an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 7 September 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE